MAYER BROWN LLP
LISA W. CORNEHL (SBN 232733)
*lcornehl@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

Attorneys for Plaintiffs
ASHENDORF & ASSOCIATES LTD.,
MICHAEL FREEDMAN, and
JAYHUN REZAYEV

BY: ___
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

11 MAR 22  PM 12: 48

FILED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

ASHENDORF & ASSOCIATES LTD.,
MICHAEL FREEDMAN, and
JAYHUN REZAYEV,

     Plaintiffs,

    v.

SMI-HYUNDAI CORPORATION, a
Delaware corporation,

    Defendant.

CASE NO. CV11 02398 ODW PLAx

**NOTICE OF APPLICATION AND APPLICATION FOR AN ORDER TO SHOW CAUSE WHY SUBPOENAED NON-PARTIES SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH SUBPOENAS *DUCES TECUM***

**[Declaration of Andrew A. Nicely Filed Concurrently Herewith]**

Date:    TBD
Time:    TBD
Place:   TBD

**Hon. _____**

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that at a time and date to be determined, plaintiffs

3    Ashendorf & Associates Ltd., Michael Freedman, and Jayhun Rezayev, will apply

4    to this Court for the issuance of an Order to show cause why non-parties Lubix

5    Corporation ("Lubix") and SMI-Hyundai Global Technologies, Inc. ("SMI

6    Global", with Lubix, collectively the "Respondents"), should not be held in

7    contempt for failing to comply with the subpoenas *duces tecum* issued by Plaintiffs

8    (the "Subpoenas").

9         This Application is made pursuant to L.R. 37-1, 45-1, and Federal Rule of

10   Civil Procedure 45.  This Application is based upon this Notice of Application, the

11   attached Memorandum of Points and Authorities, the Declaration of Andrew A.

12   Nicely filed concurrently herewith, all the records on file in this action, and any

13   oral argument that may be presented at the hearing on this motion.

14        The Respondents have declined to communicate with Plaintiffs regarding the

15   subpoenas that Plaintiffs served on them.  Plaintiffs are unaware whether either of

16   the Respondents has retained counsel in connection with this matter.  Accordingly,

17   Plaintiffs have been unable to confer with Respondents or their counsel prior to

18   filing this Application.

19

20   Dated:  March 21, 2011              MAYER BROWN LLP

21

22

23                                       By: *s/ Lisa W. Cornehl*
                                             Lisa W. Cornehl
24                                       Attorneys for Plaintiffs
                                         ASHENDORF & ASSOCIATES LTD.,
25                                       MICHAEL FREEDMAN, and
                                         JAYHUN REZAYEV
26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Ashendorf & Associates Ltd., Michael Freedman, and Jayhun Rezayev, respectfully submit this memorandum of law in support of their Application, pursuant to L.R. 37-1, 45-1, and Federal Rule of Civil Procedure 45(e), for the entry of an Order to show cause why non-parties Lubix Corporation ("Lubix") and SMI-Hyundai Global Technologies, Inc. ("SMI Global", with Lubix, collectively the "Respondents") should not be held in contempt for failing without adequate excuse to comply with Plaintiffs' Subpoenas (attached as Exs. 1-2), which require the production of documents identifying, among other things, the extent to which the two Respondents are owned by the entity against which Plaintiffs were awarded a judgment: SMI-Hyundai Corporation.  Plaintiffs seek an Order (1) compelling Respondents to produce all of the documents sought in the Subpoenas; and (2) awarding Plaintiffs their fees and costs in this matter.

## II.   PROCEDURAL BACKGROUND

This proceeding arises out of a breach of contract lawsuit that Plaintiffs filed in the Eastern District of Virginia against SMI-Hyundai Corporation ("SMI-Hyundai"), a firm in the business of developing commercial real estate throughout the world.  In or about February 2007, SMI-Hyundai retained Plaintiffs to assist the company in obtaining additional financing for a development project in Bonn, Germany.  Plaintiffs and SMI-Hyundai entered into a written agreement requiring SMI-Hyundai to pay Plaintiffs a commission equal to two percent (2%) of the amount of any loan that Plaintiffs succeeded in arranging, payable in full upon SMI-Hyundai's repayment of the loan.  Plaintiffs successfully arranged a loan in the amount of € 10.3 million from an Israeli lender.  In or about June 2008, the loan was paid in full, thereby triggering SMI-Hyundai's contractual duty to pay Plaintiffs their commission of 2% of the loan amount, or € 206,000.  SMI-Hyundai

1  failed to pay the commission, thus necessitating the underlying suit in the Eastern

2  District of Virginia.

3      Plaintiffs filed their lawsuit against SMI-Hyundai on November 4, 2009.

4  SMI-Hyundai failed to respond to the complaint and, in due course, the clerk

5  entered the company's default.   Plaintiffs moved for the entry of a default

6  judgment, and the Court granted the motion on July 21, 2010.   On August 17,

7  2010, the Court entered a judgment in favor of Plaintiffs and against SMI-Hyundai

8  in the amount of $294,910.91 together with pre-judgment and post-judgment

9  interest until paid. *See* Exhibit 3.  The time for taking an appeal has expired, and

10  thus the judgment in favor of Plaintiffs is final.

11      Defendant SMI-Hyundai has failed to satisfy Plaintiffs' judgment and

12  instead, has abandoned its offices in Virginia.   Accordingly, Plaintiffs have

13  undertaken an international investigation to identify assets of the company that

14  may be seized in satisfaction of the judgment.   Respondent Lubix, on its internet

15  website, identifies itself as an "SMI-Hyundai company." *See* Exhibit 4.  Likewise,

16  documents obtained by Plaintiffs suggest that Respondent SMI Global is owned in

17  whole or in part by SMI-Hyundai.  To better understand the ownership structure of

18  each Respondent and the value of its net assets, Plaintiffs issued subpoenas to both

19  companies.  The subpoenas were duly served on Respondents' authorized agent on

20  February 7, 2011, and required Respondents to produce responsive documents at

21  the Los Angeles offices of Plaintiffs' counsel on March 11, 2011. *See* Declaration

22  of Andrew Nicely ¶¶ 7, 8.   Neither Respondent produced any documents in

23  response to the Subpoenas, despite Plaintiffs' written demand for compliance. *See*

24  *id.* ¶ 9.

25  **III.   ARGUMENT**

26      Respondents have no colorable basis for disregarding the subpoenas issued

27  to them, and they should be directed to produce all responsive documents without

28  further delay.   Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, a

3

litigant may obtain discovery of documents that are relevant to the claims or defenses in the case or that are "reasonably calculated to lead to the discovery of admissible evidence." *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery can be obtained from third parties by means of a subpoena issued under Federal Rule of Civil Procedure 45.  Once the party seeking discovery demonstrates that the requested information is within the scope of Rule 26(b)(1), the objecting third party must establish a sufficient reason why the discovery should not be permitted.  Here, the limited information that Plaintiffs seek in the subpoenas is directly relevant to the claims in this case and Respondents have not argued much less demonstrated that compliance would be unduly burdensome.  Rather, any objections that Respondents might have interposed should be deemed waived in light of Respondents' failure to respond in any way to the Subpoenas.  For these reasons, Respondents should be compelled to comply with the subpoenas in their entirety.

## A.   THE DOCUMENTS REQUESTED ARE RELEVANT TO THE COLLECTION OF PLAINTIFFS' FEDERAL JUDGMENT.

Plaintiffs issued the subpoenas to Respondents in order to discover assets belonging to defendant SMI-Hyundai.  Plaintiffs believe, based on documents posted on Respondents' websites and other public records that Respondents are owned in whole or in part by SMI-Hyundai.  Assuming that is so, Plaintiffs are entitled to levy SMI-Hyundai's ownership interest in Respondents in satisfaction of Plaintiffs' judgment.

The Subpoenas seek documents bearing upon the nature and extent of SMI-Hyundai's ownership interest in each Respondent, as well as the market value of that interest, among other things.  Specifically, both Subpoenas call for production of documents relating to Respondents' income, inventory, accounts receivable, financial condition, and assets.  *See* Ex. 1 (Request Nos. 1-5); Ex. 2 (Request Nos. 1-6).  In addition, Plaintiffs have requested documents reflecting payments from

4

SMI-Hyundai to Respondents, documents showing the amount of SMI-Hyundai's investment in each Respondent, and documents related to any transfers of property between Respondents and SMI-Hyundai. *See* Ex. 1 (Request Nos. 12, 15, 16); Ex. 2 (Request Nos. 14, 15, 18). These documents will allow Plaintiffs to establish their entitlement to the equity interest of SMI-Hyundai in each Respondent. As such, the requested discovery falls well within the scope of Rule 26(b)(1), which "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *accord International Bhd. of Teamsters v. Eastern Conference of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y 1995).

**B.  RESPONDENTS SHOULD BE REQUIRED TO REIMBURSE PLAINTIFFS' REASONABLE FEES AND COSTS IN CONNECTION WITH THIS MOTION.**

Respondents' abject and indefensible disregard of their discovery obligations has caused Plaintiffs needless delay and expense by forcing Plaintiffs to burden the Court with unnecessary motions practice. To deter third parties from engaging in this sort of behavior, Federal Rule of Civil Procedure 45(e) provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). The Court has the power under Rule 45 to impose contempt simply on the basis of failure to comply with a subpoena. *See United States v. Metro Disposal Corp.*, 798 F.2d 1273, 1274 (9th Cir. 1986) (affirming contempt citation where subpoena recipient failed to produce the requested documents); *accord* Fed. R. Civ. P. 45(a) advisory committee note (1991 amend.) ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions."). Here, Respondents' willful noncompliance with Plaintiffs'

1   reasonable discovery requests has forced Plaintiffs to prepare and file this motion

2   in a distant forum, resulting in fees and costs in excess of $10,000.00 that

3   otherwise would have been unnecessary.   Accordingly, Plaintiffs request that

4   Respondents be required to reimburse Plaintiffs' fees and costs in an amount not

5   less than $10,000.00.[1]

6   **IV.   CONCLUSION**

7        For the foregoing reasons, an Order should issue requiring Respondents

8   Lubix and SMI-Global to show cause why they should not be held in contempt for

9   failing to produce documents responsive to Plaintiffs' Subpoenas *Duces Tecum*.  In

10  addition, Respondents should be required to reimburse the attorney's fees and costs

11  that Plaintiffs have incurred in bringing this enforcement action, in an amount not

12  less than $10,000.00.

13       A proposed Order is submitted herewith.

14  Dated: March 21, 2011              MAYER BROWN LLP

15

16

17                                    By: *s/ Lisa W. Cornehl*
                                          Lisa W. Cornehl
18                                        Attorneys for Plaintiffs

19

20

21

22

23

24

25

26  [1]     Plaintiffs will promptly submit a detailed affidavit substantiating the fees
27  and costs incurred in connection with this motion if the Court grants their fee
    request.
28

PLAINTIFFS' APPLICATION FOR AN ORDER TO SHOW CAUSE WHY NON-PARTIES SHOULD NOT BE
700026400  HELD IN CONTEMPT FOR FAILING TO COMPLY WITH SUBPOENAS *DUCES TECUM*

# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

ASHENDORF & ASSOCIATES LTD., ET AL.
V.
SMI-HYUNDAI CORPORATION

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] No. 1:09-cv-1236
(pending in the Eastern District of Virginia)

TO: LUBIX CORPORATION
5757 West Century Blvd., Suite 470
Los Angeles, CA  90045

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Mayer Brown LLP, 350 South Grand Avenue, Los Angeles, CA, 90071-1503 | March 11, 2011 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Andrew A. Nicely_    Attorney for Plaintiffs | January 24, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Nicely, Mayer Brown LLP, 1999 K Street NW, Washington, DC, 20006  (202) 263-3264

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 02/07/11<br>09:01am | 5757 West Century Blvd Ste 470<br>Los Angeles, CA. 90045 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Lubix Corporation<br>Accepted by: Edward B. Lee / Person<br>Authorized. | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Carlos Canas | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 02/08/2011
_____
DATE

_____
SIGNATURE OF SERVER

2511 W 3rd St Ste 209
_____
ADDRESS OF SERVER

Los Angeles, Ca. 90057
_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA TO LUBIX CORPORATION

## DEFINITIONS

1.     As used herein, the terms "YOU," "YOUR," and "LUBIX" refer to LUBIX Corporation, its predecessors, and its present and past agents, directors, servants, employees, officers, counsel, associates, affiliates, representatives, insurance companies, accountants, investigators, assigns, any predecessors or successors-in-interest, or any other person acting or purporting to act on YOUR behalf.

2.     As used herein, the term "DEFENDANT" refers to the DEFENDANT in this lawsuit, SMI Hyundai Corporation, its predecessors, and its present and past agents, directors, servants, employees, officers, counsel, associates, affiliates, representatives, insurance companies, accountants, investigators, assigns, any predecessors or successors-in-interest, or any other person acting or purporting to act on its behalf.

3.     As used herein, "document" or "documents" refers to and includes, but is not limited to, all writings of any kind, including the original and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise) of all letters, e-mails, telegrams, memoranda, reports, forms, studies, calendar or diary entries, pamphlets, notes, charts, diagrams, plans, tabulations, proposals, minutes and records of meetings, conferences and telephone or other communications, and every other type of data compilation, including all forms of machine or computer storage or retrieval in the possession, custody or control of YOU or YOUR attorneys, representatives or agents, whether tentative, preliminary or final.

4.     As used herein, "communication" refers to and includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings,

telephone conversations, electronic mail communications, letters, notes, telegrams and all other forms of oral and written communication.

## **INSTRUCTIONS**

1.      Each requested document shall be produced in its entirety.  If a document that is responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation why production of the remainder is not possible.

2.      Documents produced shall be clearly designated so as to reflect their owner and custodian and the location from which they were produced, including any file, diskette, or other particular container or repository from which each document was produced and the location of such container or repository.

3.      If a document is no longer in YOUR possession, custody, or control, state: its date, author(s), recipient(s), subject matter, when such document was most recently in YOUR possession, custody, or control, what disposition was made of the document, and the person or entity, if any, presently in possession, custody, or control of the document.  If a document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed, and state the reason for its destruction.

4.      Each request for documents in this subpoena is continuing in nature.  If, after responding to these requests, YOU obtain or become aware of additional documents responsive to any request, such documents shall be produced promptly in accordance with Federal Rule of Civil Procedure 45 and the definitions and instructions contained herein.

2

5.      If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide the following information:

      A.      the name, title and job or position of the document's author;

      B.      the name, title and job or position of the document's sender;

      C.      the name, title and job or position of every person who received or saw the document or any of its copies;

      D.      the date of the document;

      E.      the physical description of the document including, but not limited to, its size, length, typed or handwritten, etc.;

      F.      a brief description of the document's subject matter;

      G.      the basis for the privilege asserted; and,

      H.      the name, title and job or position of all persons on whose behalf the privilege is asserted.

## DOCUMENTS REQUESTED

1.      All documents relating to YOUR income in 2009, including federal and state income tax returns.

2.      All documents relating to YOUR inventory in 2010.

3.      All documents relating to YOUR accounts receivable in 2010.

4.      All documents relating to YOUR financial position in 2010.

5.      Documents sufficient to show the nature, description, location, and value of all assets in which YOU hold an interest.

6.      All documents relating to YOUR liabilities in 2010.

7.      All documents relating to federal and state tax returns from YOUR formation to the present.

8.      All written communications to shareholders concerning YOUR financial condition, including financial statements.

9.      All annual reports delivered to the Secretary of the State of California.

10.     All statements of account covering the period from 2000 to the present pertaining to checking, savings, brokerage, or other account owed, maintained, or controlled by YOU at any bank, savings and loan institution, or other financial institution.

11.     All letters, e-mails, faxes, exchanges of information, and other correspondence and documentation of communications between YOU and the DEFENDANT.

12.     All documents that refer to or reflect payments from the DEFENDANT to YOU.

13.     All documents that refer to or reflect payments from YOU to the DEFENDANT.

14.     All documents that reflect any investments in YOU by the DEFENDANT.

15.     All documents that refer, reflect, or relate to the value of the DEFENDANT'S investments in YOU.

16.     All documents that refer to or reflect transfers of property other than cash between YOU and the DEFENDANT.

17.     All agreements between YOU and the DEFENDANT that were in effect at any time between January 1, 2000 to the present.

18.     Documents sufficient to show the value of any assets of LUBIX in which the DEFENDANT has had any purported collateral interest from 2008 to the present.

4

19.     Documents sufficient to show the name, title or position, current address and telephone number, of each of YOUR current and former officers, directors, employees or agents who had principal responsibility for communicating with representatives of the DEFENDANT.

20.     A copy of your current organizational chart.

EXHIBIT 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL  DISTRICT OF  CALIFORNIA

| | |
|---|---|
| ASHENDORF & ASSOCIATES LTD., ET AL.<br>V.<br>SMI-HYUNDAI CORPORATION | **SUBPOENA IN A CIVIL CASE**<br><br>Case Number:[1] No. 1:09-cv-1236<br>(pending in the Eastern District of Virginia) |

TO: SMI-Hyundai Global Technologies, Inc.
5757 West Century Blvd., Suite 470
Los Angeles, CA  90045

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Mayer Brown LLP, 350 South Grand Avenue, Los Angeles, CA, 90071-1503 | March 11, 2011 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Andrew A. Nicely*       Attorney for Plaintiffs | January 24, 2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Andrew Nicely, Mayer Brown LLP, 1999 K Street NW, Washington, DC, 20006  (202) 263-3264

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | **DATE**<br>02/07/11<br>09:01am | **PLACE**<br>5757 West Century Blvd., Ste 470<br>Los Angeles, Ca. 90045 |
| **SERVED ON (PRINT NAME)**<br>SMI – Hyundai Corporation<br>Accepted by Edward B. Lee / person<br>authorized | | **MANNER OF SERVICE**<br>Personal |
| **SERVED BY (PRINT NAME)**<br>Carlos Canas | | **TITLE**<br>Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   02/08/11
_____
        DATE

_____
SIGNATURE OF SERVER

2511 W 3rd St ste 209
_____
ADDRESS OF SERVER

Los Angeles, Ca. 90057

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA TO SMI-HYUNDAI GLOBAL TECHNOLOGIES, INC.

## DEFINITIONS

1.    As used herein, the terms "YOU," "YOUR," and "GLOBAL TECHNOLOGIES" refer to SMI-Hyundai Global Technologies, Inc., its predecessors, and its present and past agents, directors, servants, employees, officers, counsel, associates, affiliates, representatives, insurance companies, accountants, investigators, assigns, any predecessors or successors-in-interest, any other person acting or purporting to act on its behalf, or any alternative names under which it does business.

2.    As used herein, the term "LUBIX" refers to Lubix Corporation, its predecessors, and its present and past agents, directors, servants, employees, officers, counsel, associates, affiliates, representatives, insurance companies, accountants, investigators, assigns, any predecessors or successors-in-interest, or any other person acting or purporting to act on its behalf.

3.    As used herein, the term "DEFENDANT" refers to the DEFENDANT in this lawsuit, SMI Hyundai Corporation, its predecessors, and its present and past agents, directors, servants, employees, officers, counsel, associates, affiliates, representatives, insurance companies, accountants, investigators, assigns, any predecessors or successors-in-interest, or any other person acting or purporting to act on its behalf.

4.    As used herein, "document" or "documents" refers to and includes, but is not limited to, all writings of any kind, including the original and all non-identical copies (whether different from the original by reason of notations made on such copies or otherwise) of all letters, e-mails, telegrams, memoranda, reports, forms, studies, calendar or diary entries, pamphlets,

notes, charts, diagrams, plans, tabulations, proposals, minutes and records of meetings, conferences and telephone or other communications, and every other type of data compilation, including all forms of machine or computer storage or retrieval in the possession, custody or control of YOU or YOUR attorneys, representatives or agents, whether tentative, preliminary or final.

5.     As used herein, "communication" refers to and includes, but is not limited to, all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, electronic mail communications, letters, notes, telegrams and all other forms of oral and written communication.

## INSTRUCTIONS

1.     Each requested document shall be produced in its entirety.  If a document that is responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation why production of the remainder is not possible.

2.     Documents produced shall be clearly designated so as to reflect their owner and custodian and the location from which they were produced, including any file, diskette, or other particular container or repository from which each document was produced and the location of such container or repository.

3.     If a document is no longer in YOUR possession, custody, or control, state: its date, author(s), recipient(s), subject matter, when such document was most recently in YOUR possession, custody, or control, what disposition was made of the document, and the person or entity, if any, presently in possession, custody, or control of the document.  If a document has been destroyed, identify the date of destruction, the person who destroyed the document, the person who directed that the document be destroyed, and state the reason for its destruction.

2

4.     Each request for documents in this subpoena is continuing in nature.   If, after responding to these requests, YOU obtain or become aware of additional documents responsive to any request, such documents shall be produced promptly in accordance with Federal Rule of Civil Procedure 45 and the definitions and instructions contained herein.

5.     If any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, provide the following information:

     A.     the name, title and job or position of the document's author;

     B.     the name, title and job or position of the document's sender;

     C.     the name, title and job or position of every person who received or saw the document or any of its copies;

     D.     the date of the document;

     E.     the physical description of the document including, but not limited to, its size, length, typed or handwritten, etc.;

     F.     a brief description of the document's subject matter;

     G.     the basis for the privilege asserted; and,

     H.     the name, title and job or position of all persons on whose behalf the privilege is asserted.

## DOCUMENTS REQUESTED

1.     All documents relating to YOUR income in 2009, including federal and state income tax returns.

2.     All documents relating to YOUR inventory in 2010.

3.     All documents relating to YOUR accounts receivable in 2010.

3

4.    All documents relating to YOUR accounts payable in 2010.

5.    All documents relating to YOUR financial position in 2010.

6.    Documents sufficient to show the nature, description, location, and value of all assets in which YOU hold an interest.

7.    All documents relating to YOUR liabilities in 2010.

8.    All documents relating to federal and state tax returns from YOUR formation to the present.

9.    All written communications to shareholders concerning YOUR financial condition, including financial statements.

10.    All annual reports delivered to the Secretary of the State of California or the Secretary of the State of Nevada.

11.    All statements of account covering the period from 2000 to the present pertaining to checking, savings, brokerage, or other account owed, maintained, or controlled by YOU at any bank, savings and loan institution, or other financial institution.

12.    A copy of your current organizational chart.

13.    All letters, e-mails, faxes, exchanges of information, and other correspondence and documentation of communications between YOU and the DEFENDANT.

14.    All documents that refer to or reflect payments from the DEFENDANT to YOU.

15.    All documents that refer to or reflect payments from YOU to the DEFENDANT.

16.    All documents that reflect any investments in YOU by the DEFENDANT.

17.    All documents that refer, reflect, or relate to the value of the DEFENDANT'S investments in GLOBAL TECHNOLOGIES.

4

18.     All documents that refer to or reflect transfers of property other than cash between YOU and the DEFENDANT.

19.     All agreements between YOU and the DEFENDANT that were in effect at any time between January 1, 2000 to the present.

20.     Documents sufficient to show the value of any assets of GLOBAL TECHNOLOGIES in which the DEFENDANT has had any purported collateral interest at any point from 2008 to the present.

21.     Documents sufficient to show the name, title or position, current address and telephone number, of each of YOUR current and former officers, directors, employees or agents who had principal responsibility for communicating with representatives of the DEFENDANT.

22.     All letters, e-mails, faxes, exchanges of information, and other correspondence and documentation of communications between YOU and LUBIX.

23.     All documents that refer to or reflect payments from LUBIX to YOU.

24.     All documents that refer to or reflect payments from YOU to LUBIX.

25.     All documents that reflect any investments in YOU by LUBIX.

26.     All documents that refer, reflect, or relate to the value of LUBIX's investments in GLOBAL TECHNOLOGIES.

27.     All documents that refer to or reflect transfers of property other than cash between YOU and LUBIX.

28.     All agreements between YOU and LUBIX that were in effect at any time between January 1, 2000 to the present.

5

29.     Documents sufficient to show the value of any assets of GLOBAL TECHNOLOGIES in which LUBIX has had any purported collateral interest from 2008 to the present.

30.     Documents sufficient to show the name, title or position, current address and telephone number, of each of YOUR current and former officers, directors, employees or agents who had principal responsibility for communicating with representatives of LUBIX.

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

Ashendorf & Associates LTD,      )
et al.,                          )
                                 )
          Plaintiffs,            )
                                 )
      ·   v.                     )   Case No. 1:09cv1236 (GBL)
                                 )
SMI-Hyundai Corporation,         )
                                 )
          Defendant.             )

**Final Judgment**

THIS MATTER was before the Court on Plaintiffs' Motion for Default Judgment against Defendant SMI-Hyundai Corporation.  On July 21, 2010, the Court adopted the magistrate judge's Amended Report and Recommendation and granted Plaintiffs' Motion. Accordingly, it is hereby

ORDERED that default judgment be ENTERED against Defendant SMI-Hyundai Corporation in favor of Plaintiffs Ashendorf & Associates, LTD; Michael Freedman; and Jayhun Rezayev in the amount of $294,910.91, plus pre-judgment interest at six percent per annum from June 1, 2008 until entry of judgment, plus post-

judgment interest from the date of judgment until paid, pursuant

to Federal Rule of Civil Procedure 58.


    The Clerk is directed to forward a copy of this Order to

counsel of record.


    Entered this /17th day of August, 2010.



                                        /s/
                                _____
                                Gerald Bruce Lee
                                United States District Judge

Alexandria, Virginia

EXHIBIT 4



PRODUCTS        WHERE TO BUY         SUPPORT        ABOUT LUBIX

Make phone calls and listen to music with our ultra-convenient, pendant-style A2DP Bluetooth headsets, featuring 3D stereo sound at mono prices.



Sound in Style

LUBIX

Home » About Us

**About Lubix**

Contact Us

Lubix in the Media

Become a Lubix Reseller

Lubix Corporation, an SMI-Hyundai company, is proud to be the exclusive North American licensee and Lubix Europe BV for Europe, Africa and Australia of the Lubix™ family of mobile communications products, developed and manufactured by South Korea-based Ubixon Co., Ltd.

At Lubix, we believe in the power of communication. Our passion is bringing to market innovative, mobile, original products that make it ever easier for people to communicate. With their uniquely convenient design, Lubix Bluetooth headsets exemplify the power of intelligently-designed products to enhance people's lives in simple, yet unexpected ways.

| Home | Products | Where To Buy | Support | About Us |

Copyright © 2007-2009 Lubix Mobile