O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ASHENDORF & ASSOCIATES LTD., MICHAEL FREEDMAN, and JAYHUN REZAYEV,

    Plaintiffs,

v.

SMI-HYUNDAI CORPORATION, a Delaware corporation,

    Defendant.

Case No. CV 11-02398 ODW (PLAx)

Order **GRANTING** Plaintiffs' Application for a Fee Award [14] [Filed 05/23/11]

## I. INTRODUCTION

Currently before the Court is Plaintiffs, Ashendorf & Associates, Ltd., Michael Freedman, and Jayhun Rezayev's (collectively, "Plaintiffs"), Application for a Fee Award Pursuant to the Court's May 12, 2011 Order. (Dkt. No. 14.) The Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiffs' Application, with reductions in attorneys' fees as set forth below.

## II. BACKGROUND

On August 17, 2010, the United States District Court for the Eastern District of Virginia entered a judgment in favor of Plaintiffs and against SMI-Hyundai Corporation ("SMI") in the amount of $292,910.91. (Dkt. No. 1, Exh. 3.) In an attempt to satisfy their judgment, Plaintiffs caused subpoenas *duces tecum* to be served on two companies,

1

Lubix Corporation ("Lubix") and SMI-Hyundai Global Technologies, Inc. ("SMIG"). (Dkt. No. 1, Exhs. 1-2.) The subpoenas directed Lubix and SMIG to produce documents evidencing any ownership interest that SMI had, if any, in either company. (*Id*.) Lubix and SMIG, however, failed to comply with the subpoenas. (Cornehl Decl. ¶ 2.)

As a result, on March 22, 2011, Plaintiffs applied to this Court for an order to show cause why Lubix and SMIG should not be held in contempt for failing to comply with the subpoenas *duces tecum*. (Dkt. No. 1.) The Court granted Plaintiffs' Application and set a hearing on the matter for May 9, 2011. (Dkt. No. 7.) Neither Lubix nor SMIG, however, appeared at the hearing. (Dkt. No. 11.) Consequently, on May 12, 2011, the Court issued an Order holding Lubix and SMIG in contempt of Court for failing to comply with the subpoenas. (Dkt. No. 13.) The Order provided that Plaintiffs could seek attorneys' fees and costs in connection with bringing their enforcement action. (Dkt. No. 13.) On May 23, 2011, Plaintiffs submitted such an application, in which they requested $19,831.25 in attorneys' fees and $493.37 in costs. (Dkt. No. 14.) The Court will discuss the reasonableness of Plaintiffs' requests below.

### III. LEGAL STANDARD

"Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947)). "The Ninth Circuit has held that a court may sanction a contemnor by ordering that she pay a party's attorneys' fees and costs." *Bademyan v. Receivable Management Services Corp.*, No. CV 08-00519 MMM (Rzx), 2009 WL 605789, at *4 (C.D. Cal., Mar. 9, 2009). Such sanctions, which are typically compensatory in nature, are limited to "actual losses sustained as a result of the contumacy." *General Signal Corp.*, 787 F.2d at 1380; *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1366 (9th Cir. 1987).

"Once a party has established that it is entitled to an award of attorneys' fees, '[i]t remains for the district court to determine what fee is reasonable.'" *Bademyan*, 2009 WL

605789, at *4 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "lodestar method" is "the fundamental starting point in determining a 'reasonable attorney's fee.'" *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010). To calculate the lodestar, a district court must multiply "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed. *See Hensley*, 461 U.S. at 433. Although district courts are provided great deference in determining the reasonable hourly rate and total number of hours, they must clearly and concisely explain any adjustments to an attorney's fee request. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

Once calculated, the lodestar figure is presumed reasonable. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). District courts, however, can adjust further the lodestar amount to accurately reflect a reasonable fee by looking at the twelve factors discussed in *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).[1] Some of the *Kerr* factors – such as the experience of counsel, the quality of representation, the novelty or complexity of the issues, and the results obtained – are subsumed into the initial lodestar calculation. *See Blum v. Stenson*, 465 U.S. 886, 898 (1984). These factors can be accounted for in either the reasonable rate component or the reasonable hour component of the lodestar calculation. *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988).

## IV. DISCUSSION

Plaintiffs' Application seeks attorneys' fees and costs associated with the work of three attorneys at Mayer Brown – Christopher Kelly ("Kelly"), a senior partner; Andrew Nicely ("Nicely"), a partner; and Lisa Cornehl ("Cornehl"), a seventh-year associate –

---

[1] The twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

and one paralegal – Edward Brown. The Court begins its analysis by determining the reasonableness of Plaintiffs' attorneys' fee request by reference to the lodestar method of calculation.

### A. THE REASONABLENESS OF THE ATTORNEYS' HOURLY RATE

Determination of a reasonable hourly rate is not made by reference to the rates actually charged by the prevailing party. *See White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983). Rather a district court is charged with setting a reasonable hourly rate that is "calculated according to the prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895. In determining a reasonable hourly rate, the district court must consider the novelty and complexity of issues, the special skill and experience of counsel, the quality of representation, and the results obtained. *Cabrales,* 864 F.2d at 1464.

In the instant case, Kelly seeks his normal hourly rate of $725 per hour, Nicely seeks his normal hourly rate of $625 per hour, Cornehl seeks her normal hourly rate of $525 per hour, and Brown seeks his normal hourly rate of $270 per hour. (Cornehl Decl. ¶¶ 6-9.) The fee applicants have only submitted evidence of their *normal* hourly rates and have not explicitly stated that those rates are the prevailing market rates. However, considering the Court's familiarity with the prevailing market rates in the Central District of California, the skill and experience of counsel, and the quality of representation, the Court determines that the hourly rates are reasonable. *See Bademyan*, 2009 WL 605789, at *14-15 (stating that "[w]hen a fee applicant fails to meet its burden of establishing the reasonableness of the requested rates, however, the court may exercise its discretion to determine reasonable hourly rates based on its experience and knowledge of prevailing rates in the community.").

### B. HOURS REASONABLY EXPENDED

A district court is given considerable discretion in determining what hours should be calculated in the lodestar. *Hensley*, 461 U.S. at 437. Fee requests for "hours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Id.* at 434. Additionally, clerical or ministerial costs are part of an attorney's overhead and should

not be considered as hours billed. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Against this backdrop, the Court addresses each attorney's and paralegal's number of hours billed.

### 1. Hours Billed By Cornehl

Cornehl billed a total of 17.75 hours. (Cornehl Decl., Exh. A at 3.) After reviewing her entries, the Court finds that reductions are warranted for the following eight entries, which the Court finds excessive, redundant, or otherwise unnecessary. First, on March 17, 2011, Cornehl spent 1.25 hours drafting a one-page proposed order and revising and finalizing the application and supporting papers. Considering that Cornehl revised the application on March 16, 2011, the latter portion of the March 17, 2011 entry is duplicative. Furthermore, 1.25 hours spent writing a one-page proposed order is excessive. Thus, the Court reduces the March 17, 2011 entry to 0.25 hours. Second, on March 22, 2011, Cornehl spent 0.75 hours revising a notification and certification of interested parties and a civil case cover sheet. She then finalized and filed these documents. Considering that the documents are very straightforward and concise, this is excessive. The Court will allow 0.25 hours for these tasks. Third, on March 24, 2011 and April 4, 2011, Cornehl spent 0.75 hours reviewing the Central District docket, judicial assignment, and the Court's Standing Order. The Court finds this excessive and allows 0.25 hours for these tasks. Fourth, on April 25, 2011, Cornehl spent 0.25 corresponding with Nicely regarding the hearing strategy. The very next entry, on April 26, 2011, indicates that Cornehl corresponded again regarding the OSC hearing strategy, with an unknown party. This entry is vague and likely duplicative of the first entry. Consequently, the Court allows only 0.25 hours total for these two entries. Fifth, on April 22, 2011, Cornehl billed 0.50 hours to review and analyze a "court order" and to correspond regarding the impact of this order. Cornehl reviewed and analyzed the Court's Order again on May 4, 2011. The Court considers the first entry duplicative and both entries vague given that Cornehl fails to specify which order she was reviewing and with whom she was corresponding. The Court, therefore, deducts the 0.50 hours for the April 22, 2011 entry. Sixth, on May 5, 2011, Cornehl spent 0.50 hours conducting

research on Defendants' and respondents' respective locations in order to effect service. The Court finds that this a ministerial task, which should be accounted for in the firm's overhead. Consequently, the Court deducts the 0.50 hours billed for this task. Seventh, on May 9, 2011, Cornehl spent 1.25 hours reviewing the application and supporting documents and preparing for the order to show cause hearing. This entry is not only vague, but also excessive. Accordingly, the Court reduces the hours for this entry to 0.50 hours. Finally, on May 11, 2011, Cornehl spent 1.75 hours drafting, revising, and filing a one-page proposed order, which is virtually identical to the order she composed on March 17, 2011. This is excessive. The Court reduces the hours for this entry to 0.25 hours. In sum, the abovementioned entries warrant a 5.5-hour reduction in Cornehl's total hours.

In addition to the reductions for excessive, redundant, or otherwise unnecessary billing, the Court finds the following entries must be reduced because they are billed in a "block billing" format. "'Block billing' is the 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Ambriz v. Arrow Fin. Servs., L.L.C.*, No. CV 07-5423-JFW (SSx), 2008 WL 2095617, at *3 (C.D. Cal. May 15, 2008) (citing *Welch v. Metro. Life. Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007)). When entries are formatted in a block-billing style, "it is impossible for the Court to determine how much time was spent on any discreet task within theses entries, and it is reasonable for the Court to assume that such block-billing has resulted in over-billing by approximately 20 percent." *Id.* Accordingly, the Court reduces by twenty percent the following three block-billed entries.

First, on March 16, 2011, Cornehl spent 2.50 hours analyzing the Central District procedures regarding applications to show cause to enforce subpoenas and revising an application. As an initial matter, considering her seven years experience, Cornehl should be intimately familiar with the Central District procedures, making review of them unnecessary. Nevertheless, because this entry is billed in block format, the Court applies only the twenty percent reduction. Second, on March 21, 2011, Cornehl spent 3.50 hours

finalizing the application for filing, drafting a notification and certification of interested parties and a civil case cover sheet, calling the clerk regarding filing, and calling Kelly regarding the notification and certification of interested parties. Third, on May 4, 2011, Cornehl spent 1.75 hours reviewing and analyzing the Court's Order; researching California procedure regarding applications to show cause; drafting a notice of continued hearing on the order to show cause; and finalizing, filing, and serving the notice. The total amount of these hours is 7.75 hours. Because the Court cannot decipher how much time was allotted to each task within these entries, it reduces the total hours by twenty percent – 1.55 hours. Thus, the total hours allotted is now 6.20 hours.

In light of the forgoing, the Court reduces Cornehl's hours by a total of 7.05 hours – 5.5 hours for excessive, redundant, and unnecessary billing and 1.55 hours for clock billing – leaving her a total of 10.70 billable hours.

## 2. Hours Billed By Nicely

Nicely billed a total of 14.00 hours. (Cornehl Decl., Exh. A at 3.) After reviewing his entries, the Court finds that reductions are warranted for the following three sets of entries, which the Court finds excessive, redundant, or otherwise unnecessary. First, on January 24, 2011, Nicely spent 0.25 hours reissuing Lubix and SMIG subpoenas and locating a process server in Los Angeles. The Court finds that these tasks are ministerial in nature, and consequently, deducts the 0.25 hours for this entry. Second, on March 10, 2011, Nicely spent 0.75 hours researching the local Central District of California procedures to enforce a subpoena. Initially, the Court notes that work of this nature could have been completed by someone who was not charging $625 per hour. In fact, Cornehl performed this exact same work, as evidenced by her March 16, 2011 entry. Accordingly, the Court finds this redundant and deducts the 0.75 hours billed for this task.

Third, Nicely spent several hours over the course of four days completing documents in connection with the enforcement action. On March 11, 2011, Nicely spent 3.50 hours drafting a letter to Lubix and SMIG regarding the action to enforce the subpoenas and working on the motion to enforce the subpoenas. On March 14, 2011,

Nicely spent 3.75 hours working on show cause / subpoena enforcement motion and supporting declaration. On March 15, 2011, Nicely spent 2.25 hours working on the application to show cause, working on the declarations in support, and reviewing local Central District of California motion procedures. Finally, on March 16, 2011, Nicely spent 1.00 hours reviewing the cite check changes and making the final revisions to the application and declaration. The Court first notes that, with respect to the March 11, 2011 entry and the March 15, 2011 entry, the Court cannot decipher exactly how many hours were spent on each task due to the block billing format. In total, however, Nicely spent approximately 10.50 hours essentially drafting and reviewing the application for an order to show cause. The Court finds this excessive. The application and supporting declaration were not overly complicated and the application itself contained a mere five pages of facts, law, and argument combined. Considering the minimal complexity of this work, the Court finds 3.00 hours an appropriate measure. *See Gomez v. Astrue*, No. 06cv2051 BTM(NLS), 2008 WL 3200668, at *3 (S.D. Cal. Aug. 5, 2008) (finding that no more than three hours was required for a "brief and straightforward" motion and supporting declaration).

For the forgoing reasons, the Court reduces Nicely's hours by a total of 8.50 hours, leaving him a total of 5.5 billable hours.

### 3. Hours Billed By Kelly and Brown

Kelly billed a total of 1.50 hours and Brown billed a total of 2.50 hours. (Cornehl Decl., Exh. A at 3.) On March 15, 2011, Brown spent 2.50 hours cite checking the brief and declaration related to the application for an order to show cause. Additionally, on March 14, 2011 and March 16, 2011, Kelly spent 0.75 hours reviewing the drafts of the contempt filings and emailing Nicely. However, because on March 16, 2011, Nicely reviewed his contempt filings, the Court finds it redundant for both Kelly and Brown to spend time doing the same thing. Consequently, the Court deducts the 0.75 hours Kelly spent on this task and the 2.50 hours Brown spent on this task. Additionally, the Court finds that, considering the nature of this action – an enforcement action – the additional hours billed by Kelly are unreasonable. Given the simplicity of the issues involved, the

Court finds that the involvement of a senior partner in this matter was not warranted. Consequently, the Court reduces Kelly's hours to 0.00 hours and Brown's hours to 0.00.

### C. LODESTAR CALCULATION

In light of the reductions for the number of hours billed, the reasonable lodestar figure is now calculated as follows:

| Applicant | Hourly Rate | Old Hours | New Hours | Total |
|---|---|---|---|---|
| Cornehl | $525 | 17.75 | 10.70 | $5617.50 |
| Nicely | $625 | 14.00 | 5.5 | $3437.50 |
| Kelly | $725 | 1.50 | 0.00 | $0 |
| Brown | $270 | 2.50 | 0.00 | $0 |
| **TOTAL** | | | | $9055.00 |

Thus, the reasonable lodestar figure in this case is $9,055.00. The Court determines that no further adjustments should be made by reference to the *Kerr* factors. Therefore, Plaintiffs' Application is **GRANTED** in this respect, with the abovementioned reductions.

### D. COSTS

Plaintiffs' attorneys provide evidence of costs incurred in the amount of $493.37, including costs for: (1) filing fees; (2) photocopies; (3) mailing costs; and (4) servicing costs. (Cornehl Decl., Exh. B at 1.) These costs are reasonable and, therefore, Plaintiffs' Application is **GRANTED** in this respect.

# V. CONCLUSION

Based on the foregoing, the Court **GRANTS**, with the appropriate reductions, Plaintiffs' Application for a Fee Award. Plaintiffs shall recover $9,055.00 in attorneys' fees and 493.37 in costs.

**IT IS SO ORDERED.**

July 21, 2011

_____

HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE